*522 OPINION.
Black:
Tbe sole issue in these cases is the respondent’s disallowance as a deduction from petitioner’s gross income of the payments made by the petitioner to the Belfast Company, as set forth in the stipulation of facts. It is contended by the petitioner that these payments were ordinary and necessary expenses paid or incurred during the taxable years in carrying on business and deductible as such and that petitioner was obligated to make such yearly payments under paragraph 6(a) of the contract set out in the findings of fact, as a sort of royalty to the Belfast Company for its good will and the use of its name and other benefits which it received from the Belfast Company, both under the contract and in subsequent dealings with the company. On the other hand, it is contended by the respondent that such payments were not business expenses, but were dividend payments or else payments made as a part of the required purchase price of the property and were not required under paragraph 6(a) of the contract, except for'one year after the date of the contract. Respondent further claims that petitioner was entitled to reimbursement of these payments by reason of the last four lines of paragraph 6 of the contract, which reads thus: “We agree further that we will procure from Glendinning, *523 McLeish & Company, Limited, its agreement to reimburse you for any expenditures which you may make, pursuant to this clause of this agreement, on its behalf, or on behalf of its shareholders.”
Respondent urges that by reason of this alleged right to reimbursement, the payments are not allowable as deductions, even if otherwise they would meet the test of deductible expenditures. Petitioner, on the other hand, contends that this clause of the agreement relates only to subparagraph 6(b) and has nothing to do with 6(a) and that petitioner has never had any agreement to be reimbursed for payments made by it under subparagraph 6(a) to the Belfast Company in making good its guaranty of the payment of dividends on the Belfast Company’s preferred stock. ■
We will first consider this phase of the controversy before passing upon the other contentions made with reference to these payments. It is well settled by the decisions of this Board that, where the taxpayer makes expenditures under an agreement that he will be reimbursed therefor, such expenditures are in the nature of loans or advancements and are not deductible as business expenses. George M. Cohan, 11 B. T. A. 743; affirmed on this point, 39 Fed. (2d) 540; H. R. MacMillan, 14 B. T. A. 1367; Henry F. Cochrane, 23 B. T. A. 202.
An examination of paragraph 6 of the contract will disclose that petitioner obligated itself to do two things: In (a) it obligated itself to make good any deficiency in the dividends on the preferred stock of the Belfast Company, and in (b) it agreed to make good up to 100,000 pounds any deficiency in the payment of the par value of the preferred stock, if and when the Belfast Company was liquidated. It seems to us that the two concluding subparagraphs of paragraph 6 of the contract have reference to both (a) and (b) of that paragraph rather than to (b) only, as contended by petitioner. It is true that it is stipulated by the parties that the payments involved in this proceeding were made under paragraph 6(a) of the contract of February 11, 1918, and that no part of these payments has been reimbursed to the taxpayer company. These facts, however, do not remove from the case the evidence which we have before us — that petitioner has a contract under which it is entitled to be repaid these payments.
The stipulation shows that such contract is still in force and effect. In referring to the agreement of February 11, 1918, the stipulation says: “ This agreement has ever since remained in effect.” Petitioner argues, first, that the contract does not call for reimbursement of payments made under 6(a) of the contract, but even if it does, such provision of the contract has been abrogated by the course of dealing between the parties. We have no evidence that this clause of the *524 contract has been abrogated by agreement between the parties and we have no authority to surmise that such was the case.
The determination of the deficiencies made by respondent is presumed to be correct and the burden of proof of showing to the contrary is on petitioner. Botany Worsted Mills v. United States, 278 U. S. 282; Wickwire v. Reinecke, 275 U. S. 101; Avery v. Commissioner, 22 Fed. (2d) 6. We hold that the contract under which such payments were made gives petitioner the right to be reimbursed for such expenditures, and that on that account they are not deductible. Our holding in this respect makes it unnecessary for us to decide whether such payments would, under ordinary conditions, have been allowable deductions under authority of La Monte & Son v. Commissioner, 32 Fed. (2d) 220 (a case which petitioner strongly urges in support of its contention that the deductions should be allowed).
Iieviewed by the Board.

Decision will he entered for the respondent.