Lyndol L. YOUNG and Mildred W.
Young, Petitioners,

v.

COMMISSIONER OF INTERNAL REV-
ENUE, Respondent.

No. 16177.

United States Court of Appeals
Ninth Circuit.

June 24, 1959.

Francis J. McEntee, Lyndol L. Young,
Los Angeles, Cal., for petitioners.

Charles K. Rice, Asst. Atty. Gen.,
Davis W. Morton, Jr., Lee A. Jackson,
Robert N. Anderson, Arthur I. Gould,
Attys., Dept. of Justice, Washington, D.
C., for respondent.

Before STEPHENS, MARIS and
BARNES, Circuit Judges.

PER CURIAM.

It is an admitted fact in this appeal that Mr. Young, petitioner herein, was an active practicing lawyer at the California bar with a well-paying clientele, and that unlike the usual method of practice of law, he spent a comparatively small amount of time in a law office, using instead his home and his clubs as his main working places. In the income return with his wife he claimed certain deductions based upon his own allocation of home rental charges, club dues, and business travel expenses. No time books were kept, and it is not claimed by the taxpayer that the claimed deductions were arrived at by him through any means other than his own estimate of the proportion of his expenses which should reasonably be charged to the residence and to clubs and to travel as business expenses.

The Commissioner allocated substantially lesser portions of these expenditures to business expense. The Tax Court held with the Commissioner and Mr. Young filed his petition for review.

As in other cases coming to us *on appeal, we are not accorded the right to retry the issues *de novo* on the record and we must affirm unless the Tax Court decision was arrived at through plain error. We are asked to ascribe error to the Tax Court and to find that the claimed allocations were not unreasonable. The decision of the Tax Court is entitled to the same consideration as the decision of a district court in a case tried without a jury. To reverse it we must find that it is clearly erroneous, in other words, that the taxpayer's evidence so clearly showed the Commissioner to

be wrong that the decision in the Commissioner's favor was palpably in error. We do not view the evidence so favorable to taxpayer. Upon the record it cannot be held that taxpayer has sustained his burden of showing error.

Affirmed.