**LOS ANGELES EXTENSION COM-PANY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**SECURITY FIRST NATIONAL BANK, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**Nos. 17991, 17992.**

United States Court of Appeals
Ninth Circuit.

March 19, 1963.

Mackay, McGregor & Bennion, A. Calder Mackay, Adam Y. Bennion, and Robert M. L. Baker, Los Angeles, Cal., for appellants.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Alan D. Pekelner and Michael I. Smith, Attys., Dept. of Justice, Washington, D. C., Francis C. Whelan, U. S. Atty., Walter S. Weiss, Asst. U. S. Atty., and Loyal E. Keir, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before JERTBERG and BROWNING, Circuit Judges, and FOLEY, Jr., District Judge.

JERTBERG, Circuit Judge.

The basic issue presented on these appeals is whether gains realized by appellant, Los Angeles Extension Company, hereafter taxpayer, from sales in 1953 of four parcels of real property are tax-

1

able as ordinary income or as long-term capital gains.

In its federal income tax return for 1953, taxpayer reported such gains as having been realized from the sale of capital assets taxable as long-term capital gains, and paid the tax shown on such returns. Upon audit, the Internal Revenue Service determined that the four parcels of real property were not capital assets and that the gains realized from such sales were taxable as ordinary income. The resulting deficiency in tax plus interest thereon was paid. Complaints were filed in the District Court to recover the amount of tax allegedly erroneously overpaid. One complaint is on behalf of the taxpayer, and the other on behalf of appellant, Security First National Bank, hereinafter bank, which paid a portion of the taxes in controversy as a transferee of assets of taxpayer.

The two cases were consolidated for trial in the District Court. Under the pretrial order signed by the District Court the only issue of fact presented to the District Court for decision was whether the four parcels of real property were held by the taxpayer primarily for sale to customers in the ordinary course of its trade or business or held primarily for investment purposes.

Following trial, the District Court made and entered extensive findings of fact specifically finding that each of the four parcels of real property was held by the taxpayer primarily for sale to customers in the ordinary course of the trade or business of the taxpayer and that none of said parcels was held by the taxpayer primarily for investment purposes.

The District Court concluded that the taxpayer failed to sustain its burden of proof that the parcels of real property were not held by the taxpayer primarily for sale to its customers in the ordinary course of its trade or business, failed to sustain its burden of proof that said properties were capital assets within the meaning of Section 117(a) (1) (A) of the Internal Revenue Code of 1939, as amended, and that said properties were not capital assets within the meaning of the above stated section of the Internal Revenue Code.

The District Court adjudged that the appellants take nothing by reason of their complaints and dismissed the same with prejudice.

Separate appeals were taken but are presented on a consolidated record. A determination with respect to the appeal of the taxpayer will be determinative of the appeal of the bank.

Taxpayer's sole contention on this appeal is that the finding of fact of the District Court is clearly erroneous. Confronted by such contention it is the duty of this court to examine the entire record since we are admonished by Rule 52(a) of the Federal Rules of Civil Procedure that findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.

Section 117(a) (1) excludes from the term "capital assets" held by a taxpayer property held by the taxpayer primarily for sale to customers in the ordinary course of the trade or business of the taxpayer. Section 117(j) excludes from the definition of property used in the trade or business property held by the taxpayer primarily for sale to customers in the ordinary course of the taxpayer's trade or business.

Decisions of this court have repeatedly held that whether specified property is held by a taxpayer primarily for sale to customers in the course of his trade or business is a question of fact. Bistline v. United States, 260 F.2d 77 (9th Cir., 1958); Bistline v. United States, 260 F. 2d 80 (9th Cir., 1958); United States v. Beard, 260 F.2d 81 (9th Cir., 1958); Pool v. Commissioner, 251 F.2d 233 (9th Cir., 1957); Stockton Harbor Industrial Co. v. Commissioner, 216 F.2d 638 (9th Cir., 1954); Rollingwood Corp. v. Commissioner, 190 F.2d 263 (9th Cir., 1951); Austin v. Commissioner, 263 F.2d 460

(9th Cir., 1959); Starke v. Commissioner, 9 Cir., 312 F.2d 608.

This court is not accorded the right to re-try issues of fact de novo on the record unless the finding of fact made by the trier of fact is clearly erroneous or where, on the record as a whole, it is clear that a mistake has been made. Bistline cases, supra; United States v. Beard, supra; Young v. C. I. R., 268 F.2d 245 (9th Cir., 1959); Hearn v. C. I. R., 309 F.2d 431 (9th Cir., 1962).

This court has never set up formulas of fact as rules of law for this type of case. Several tests or factors have been considered by the courts to indicate whether certain properties were held by a taxpayer primarily for sale to customers in the ordinary course of the taxpayer's trade or business—such as, the length of holding of the property, the nature of the acquisition of the property, the frequency and continuity of sales over an extended period of time, the nature and the extent of the taxpayer's business, the activity of the seller about the property, and the extent and substantiality of the transactions. In final analysis, however, each case must be decided upon its particular facts, and the presence of any one or more of these factors may or may not be determinative of a particular case. It is rare indeed that one will find any precedent value in applying the decision of one case to the facts of another case. At the most, other cases decided by the courts on this subject may be persuasive or suggestive of the approach of the courts to cases where the facts may be somewhat similar.

We have carefully reviewed the record in this case and while we may have made a different de novo determination than did the District Judge in this case, we are unable to say the finding of fact of the District Court is clearly erroneous or that the District Court's decision constitutes a palpable mistake.

The judgment of the District Court in each of these cases is affirmed.