*Decision will be entered under Rule 50.*

HENRY F. COCHRANE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 34435. Promulgated May 13, 1931.

*Henry F. Cochrane, Esq.*, pro se.
*P. A. Bayer, Esq.*, for the respondent.

OPINION.

McMahon: The petitioner, an attorney at law, claims that he is entitled to a deduction in the amount of $5,000 from his gross income for 1923 as ordinary and necessary business expense incurred and paid by him in obtaining a divorce for the daughter of one of his clients. In 1924 petitioner presented his bill to his client for $10,000, representing his fee of $5,000 and expenditures incurred in the amount of $5,000. In that year petitioner returned the full amount of $10,000 as income, but claimed no deductions on account of expenditures made in connection with obtaining the divorce. Section 214 of the Revenue Act of 1921 provides in part:

(a) That in computing net income there shall be allowed as deductions:

(1) All the ordinary and necessary expense paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; * * *

The evidence discloses that the petitioner, in 1923, paid $1,100 for the purpose of investigating the behavior of the party from whom his client's daughter wished to be divorced, $1,128 for investigation of divorce laws in various States, $1,525 for securing assistance of legal counsel in Reno, Nev.; $136 for his own railroad fare to and from Reno on his first trip; approximately $1,000 on each of two other trips to Reno, some of which was for automobile hire in the interests of his client's health; and $357 for railroad tickets for the daughter of his client and her maid.

After due consideration of all the evidence in this proceeding upon the expenditures made in obtaining the divorce, we are of the opinion that the above amounts did not constitute ordinary and necessary expenses of petitioner's business. The petitioner testified that in dealing with Mrs. Candidus, it had been his custom to perform any service and make any reasonable disbursements which were necessary and then receive reimbursement from her for both service and disbursements. Mrs. Candidus was desirous of speedily obtaining a divorce for her daughter and told petitioner to make any expenditures which were necessary and she would reimburse him after the divorce was obtained. When petitioner rendered his bill to Mrs. Candidus in 1924 he claimed $5,000 as his legal fee and $5,000 as expenses incurred in obtaining the divorce. We conclude that the amounts expended by the petitioner in obtaining this divorce con-

stituted advancements by petitioner on behalf of Mrs. Candidus for which she had agreed to reimburse him. See *Grelck Condensed Buttermilk Co.*, 7 B. T. A. 79; and *Charles E. Albright*, 16 B. T. A. 1228. No part of the $5,000 claimed by the petitioner as a deduction is therefore allowable.

In view of our holding above that the amounts expended by petitioner in obtaining the divorce constituted advancements by petitioner on behalf of Mrs. Candidus, it necessarily follows that when they were repaid to petitioner in 1924 they did not constitute income to him. The petitioner included in his income-tax return for 1924 the full amount of $10,000 representing, according to the bill which he rendered to Mrs. Candidus, $5,000 as petitioner's fee, and $5,000 representing reimbursement of expenditures made in obtaining the divorce. It clearly appears from the evidence that the advancements made by the petitioner on behalf of his client in the divorce proceeding, and which were repaid to him in 1924, amounted to at least $5,000. While the petitioner has not, in his pleadings, or elsewhere, requested that his gross income for 1924 be reduced by eliminating the $5,000 repayment, yet, that year being before us, it is our opinion that this should be done. Upon the redetermination the amount of $5,000 will be excluded from petitioner's gross income for 1924.

The petitioner also claimed in his petition that the respondent erred in failing to allow as a deduction from gross income of 1923 an amount of $15,749.61, representing losses. While we are without the benefit of a brief from the petitioner, we assume that the evidence regarding the expenditure of $1,739.64 and $10,000 is directed toward proving that allegation of error. The amount of $1,739.64 was spent for railroad fares, sleeping-car accommodations, and for auditing certain books of account, and was spent in rendering services to petitioner's client, the National Sugar Refining Company. The proof did not disclose the amount paid out for any one of these purposes or give us any further detail as to these expenditures. The National Sugar Refining Company paid petitioner, in 1924, for his services and disbursements. This amount of $1,739.64 was not an ordinary and necessary expense of petitioner's business, since it represented advancements on behalf of petitioner's client. It is therefore not deductible from gross income for 1923. However, it was clearly not income in 1924 and upon the redetermination it will be excluded from income of that year. The amount of $10,000 was paid by petitioner to one of his clients upon the ground that petitioner had not properly protected the interest of such client. The facts regarding this payment are set forth in our findings of fact. We regard this expenditure as an ordinary and necessary expense

of petitioner's business and, therefore, deductible. On the latter point see *Harris & Co.* v. *Lucas*, 48 Fed. (2d) 187.

The petitioner alleges that the respondent erred in failing to allow as a deduction from gross income of 1923 an amount of $5,000 representing taxes paid. The evidence discloses that the petitioner, at some time, paid $7,000 taxes in arrears on his wife's property. The evidence does not show when these taxes were paid. Since it is not shown that the taxes were paid in the year 1923, no deduction can be allowed from gross income of that year on this account. Furthermore, there is no evidence to show the nature of the taxes which were paid. Taxes assessed against local benefits of a kind tending to increase the value of the property assessed do not constitute allowable deductions. Section 214 (a) (3) of the Revenue Act of 1921. As far as the record shows, the taxes paid may have been of this character. The action of the respondent in disallowing the claimed deduction of $5,000 must be approved.

The petitioner alleges that the respondent erred in failing to allow as a deduction from gross income of 1924 an amount of $8,206.23 representing " loss from income from real property." The petitioner arrives at this so-called loss by setting off against rent received in the amount of $9,976.74, depreciation in the amount of $4,344, repairs in the amount of $9,118.97, and other expenses in the amount of $4,720. In his last assignment of error the petitioner contests the respondent's inclusion in his gross income of rent in the amount of $9,976.74. The result of these two assignments of error is simply to attack the respondent's disallowance of deductions for depreciation, repairs, and " other expenses " in the amounts noted above, since the evidence discloses that the total rent received by petitioner in 1924 from his own real estate and that of his wife and returned on their joint return for 1924 was $9,976.74. This amount of rent received must, under the specific provisions of section 213 (a) of the Revenue Act of 1924, be included in petitioner's gross income. We will therefore consider whether petitioner is entitled to the claimed deductions.

At the hearing petitioner contended that he sustained about $500 depreciation on each of the seven houses which he owned and that the remainder of the claimed depreciation was sustained on his wife's houses. However, no evidence was adduced as to the character of the houses, as to their probable length of life, or as to the cost of some of them. In the absence of such evidence, we are not in a position to determine the amount of depreciation which was sustained. Nor is there any evidence as to the character of the " other expenses " in the amount of $4,720, claimed by the petitioner in his return. At the hearing, the petitioner testified that his

brother-in-law in 1924 made certain expenditures on the houses belonging to the petitioner while the petitioner was in Europe and that his brother-in-law estimated that these amounted to $3,300. In our opinion this is not sufficiently definite to allow us to fix the amount of a claimed deduction on account of repairs. Furthermore, the evidence is not specific as to the exact amount and character of the expenditures. Some of them may have been, and the evidence tends to indicate that some of them were, for replacements, alterations and improvements, which are additions to capital investment, the cost of which may not be applied against current earnings. See *Modesto Lumber Co.*, 5 B. T. A. 598. Likewise, the petitioner has failed to prove his right to any deduction on account of repairs to buildings. Petitioner has introduced into evidence a list of checks which were drawn in 1924 to pay for expenditures on a house belonging to his wife. These expenditures amount to $6,002.92. Petitioner testified as to the purpose of some of these payments, but as to others he testified that he did not know the purpose. He testified that a part of this house was rebuilt as a result of these expenditures. From the evidence we can not determine what part of these expenditures were for repairs and what part were for alterations, replacements and improvements, and we are, therefore, unable to fix the amount of any deduction to which the petitioner is entitled on account thereof. *Modesto Lumber Co., supra.* The respondent's disallowance of the total claimed deductions of $8,206.23 must, therefore, be approved.

There was no evidence submitted as to assignments of error numbered 1 and 5 and the respondent's determination in those respects will be sustained.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*