REGINALD G. HEARN AND MARY L. HEARN, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 80206.    Filed July 14, 1961.

*Reginald G. Hearn, Esq.*, pro se.
*Donald G. Daiker, Esq.*, for the respondent.

OPINION.

RAUM, *Judge:* The Commissioner determined deficiencies in income tax against petitioners, husband and wife, for the years 1954–1956 in the amounts of $4,781.99, $8,133.22, and $11,352.56, respectively. They filed their returns with the district director of internal revenue at San Francisco. A series of adjustments with respect to all 3 years, referred to as "business expenses," is presently in issue. The husband is an attorney, and the alleged expenses in question were claimed as deductions relating to his practice of law. He will hereinafter be referred to as petitioner.

The returns for the 3 years in controversy claimed a variety of deductible expenses that were allowed in full by the Commissioner. Such expenses were in the aggregate amounts of $10,435.68, $10,-

857.21, and $12,805.71, for the years 1954–1956, respectively, and were described as "Salaries," "Rent," "Interest," "Taxes," "Depreciation—Furniture & Fixtures," "Telephone," "Stenographic services," "Stationery & office supplies," "Postage," "Linen service—laundry," "Research & adm. assistance," "Flowers," "Petty cash," "Books and publications," "Misc. office expense," "Safe deposit box rental," "Service charge—bank accts.," "Office insurance," "Insurance premiums (re disability)," "Maintenance & repair of equipment," "Employer contribution—FICA and UI," and "Advances not reimbursed."

In addition to the foregoing expenses that were allowed in full, the returns claimed deductions with respect to certain other alleged expenses, most of which were disallowed in part and some in full, as follows:

| | 1954 | | | 1955 | | | 1956 | | |
|---|---|---|---|---|---|---|---|---|---|
| | Claimed | Allowed | Disallowed | Claimed | Allowed | Disallowed | Claimed | Allowed | Disallowed |
| Entertainment [1] | $8,292.07 | $1,200.00 | $7,092.07 | $10,392.35 | $1,692.35 | $8,700 | $13,379.69 | $1,779.69 | $11,600.00 |
| Travel [1] | 1,600.00 | 200.00 | 1,400.00 | | | | | | |
| Promotion | 910.00 | 50.00 | 860.00 | 560.00 | 60.00 | 500 | 424.16 | 74 16 | 350.00 |
| Taxi fares | 372.00 | 100.00 | 272.00 | | | | 499.20 | 99.20 | 400.00 |
| Depreciation—Automobile | 510.00 | 170.00 | 340.00 | 800.00 | 200.00 | 600 | 600.00 | 200.00 | 400.00 |
| Other automobile expenses | 1,455.60 | 485.23 | 970.37 | 1,470.30 | 470.30 | 1,000 | 1,212.27 | 362.27 | 850.00 |
| Professional clubs and dues | 537.00 | 268.50 | 268.50 | 1,594.86 | 294.86 | 1,300 | 999.86 | 999.86 | |
| Depreciation—Boat | | | | | | | 150.00 | | 150.00 |
| Boat expenses | | | | | | | 1,902.20 | | 1,902.20 |
| Contributions | 175.00 | | 175.00 | 40.00 | | 40 | 93.00 | | 93.00 |
| Advances not reimbursed | | | | | | | 3,639.94 | | 3,639.94 |
| | 13,851.67 | 2,473.73 | 11,377.94 | 14,857.51 | 2,717.51 | 12,140 | 22,900.32 | 3,515.18 | 19,385.14 |

[1] "Entertainment" and "travel" were treated as separate items in 1954 but were combined as a single tem designated "entertainment" in 1955 and 1956.

The principal issue before us is first, whether petitioner in fact made the contested expenditures with respect to most of these items, and secondly, whether these items, even if fully substantiated, were proximately related to petitioner's practice of law so as to be deductible as business expenses.[1]

A stipulation filed by the parties furnishes partial substantiation for the automobile and boat expenses. Also the stipulation shows that petitioner paid aggregate amounts of $2,697.35, $2,423.64, and $3,272.61 during the years 1954, 1955, and 1956, respectively, to various clubs, restaurants, hotels, and the like. Petitioner appeared as a witness on his own behalf. Apart from the stipulated materials, he presented no records or proof with respect to the contested items other than his own testimony. Although we do not suggest that sworn testimony itself

[1] The controversy with respect to the last item identified as "Advances not reimbursed" is somewhat different and will be dealt with separately hereinafter.

may not be suitable proof in appropriate cases, the testimony here was so general and of such summary and conclusory character that, in our opinion, petitioner has wholly failed to carry the burden of proof, not only as to the making of the expenditures in question (in excess of the amounts stipulated) but also as to the necessary proximate relationship between the alleged expenditures and his business.

Petitioner appeared to us to be an experienced and sophisticated lawyer; and we do not feel that we should indulge in conjecture to fill the gaps in his proof. The expenses in question are of such nature as to afford considerable opportunity for abuse, and it is not too much to ask of a taxpayer seeking the benefit of such deductions that he offer not only reasonably satisfying proof that the expenses were in fact incurred but also that they bore a proximate relationship to the conduct of his business. Cf. *Ralph E. Larrabee*, 33 T.C. 838, 842; *Eugene H. Walet, Jr.*, 31 T.C. 461, 471, affirmed 272 F. 2d 694 (C.A. 5). Petitioner's admission on cross-examination that some of the claimed expenses related to the cost of meals for himself and his wife, possibly in the company of others not convincingly shown to have any business connection with petitioner, was hardly reassuring. For aught we know other expenses in controversy may have been wholly personal, or their relationship to petitioner's business may have been so remote as to fail to qualify for deduction. Petitioner's general testimony was not convincing evidence in the circumstances of this case.

The Commissioner did allow a portion of most of the claimed deductions, and we cannot say on this record that petitioners are entitled to anything in excess of that allowed. We hold that no error has been shown in the Commissioner's determination.

As to the item designated "Advances not reimbursed," the evidence does show that petitioner made cash advances in 1956 in the aggregate amount of $3,639.94 on behalf of clients with respect to 50 cases pending in his office. He testified that he regarded these as "doubtful" items and took deductions therefor, intending to report as income in later years any such item for which he might subsequently receive reimbursement. In fact the evidence shows that he did receive reimbursement of 32 of those items aggregating $1,982.95 in 1957, and one item in the amount of $1,035.54 in 1958; and he testified that he reported the amounts thus repaid as income for 1957 and 1958, respectively.

It has been established that such advances may not be deducted as business expenses. *Henry F. Cochrane*, 23 B.T.A. 202. Nor is there any justification on this record for allowing the deduction as bad debts. Although petitioner testified that he thought these items were "doubtful," we cannot find in the context of the record before us that any of the advances in question represented debts which became worthless in

1956. The years 1957 and 1958 are not before us, and we do not consider whether petitioner is entitled to an adjustment in his favor for those years by reason of his reporting as income the advances which he collected in those years.

*Decision will be entered for the respondent.[2]*

[2] The Commissioner has requested that decision be entered under Rule 50 to reflect a "concession" made by petitioners that might require an increased deficiency for one of the years with respect to a comparatively minor item not theretofore in contest. We do not understand petitioners' "concession" to be a waiver of the statutory requirement relating to increased deficiencies, and will not consider this item.