Reginald G. HEARN and Mary L. Hearn, Husband and Wife, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 17620.

United States Court of Appeals
Ninth Circuit.

Oct. 31, 1962.

Reginald G. Hearn, San Francisco, Cal., for petitioners.

Louis F. Oberdorfer, Asst. Atty. Gen., C. Moxley Featherstone, Lee A. Jackson, Gilbert E. Andrews and Earl J. Silbert, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before CHAMBERS and HAMLEY, Circuit Judges, and BOWEN, District Judge.

BOWEN, District Judge.

Income tax deficiencies for the years 1954, 1955 and 1956 were assessed by respondent Commissioner against petitioners Hearn and his wife, those assessments were at petitioners' request redetermined by the Tax Court, and now the petitioners husband, an active practicing attorney and member of the San Francisco Bar, and his wife, asserting erroneous disallowances of certain business expenses claimed as income deductions, timely ask this Court to review the action of the Tax Court.[1] This Court has jurisdiction. 26 U.S.C. § 7482.

The principal question raised here is whether the claimed deductions were "ordinary and necessary business expenses" within the meaning of 26 U.S. C. § 162(a), and that question is one of fact.

Acting upon a stipulation of the parties, the Commissioner in his redetermination of such deficiencies allowed and

1. Although both the husband and wife petitioners for income tax purposes are interested, we hereafter in this opinion for convenience use the singular "petitioner" instead of the plural "petitioners" because all the claimed deductions allegedly pertain to only the husband's conduct of his law practice.

the Tax Court approved part of various club, restaurant, hotel, auto, boat, office and business expenses as income tax deductions, as to which neither side raises any question, and to which the following statements are not to be applied.

Petitioner's expenses claimed by him deductible as ordinary and necessary business expenses fall into two categories, first, a wide variety of expenses grouped together as entertainment expenses, and, second, litigation expense advances.

As to the first category, the entertainment expenses now claimed as deductible include petitioner's private club dues and the costs of his entertaining at clubs, restaurants and cocktail bars persons thought likely to have, or likely to influence the placement of, law business, with the hope of thereby increasing petitioner's law practice, a hope which he with emphasis says was realized. Included also in that category are petitioner's automobile operating and parking expenses relating to the business, personal and family use of his automobile, and additionally so included is the expense of petitioner's boating for entertainment of himself and his prospective clients, as well as the expense for his donations and flowers made and presented for good will purposes.[2]

As to those expenses in that first category, the record very convincingly shows that petitioner kept no business or expense records, that personal entertainment expenses of himself and family and other persons occurring on occasions unrelated to the business needs of petitioner's law practice were commingled with expenses which might, although not properly shown to, have been so related, and that as to all his above mentioned entertainment expenses he, without benefit of supporting records produced in court, took an averaged unit expense, and with that as a guide computed or estimated his contested entertainment expenses.

Respecting the above mentioned entertainment expenses, the Tax Court found and ruled that

" * * *, he (petitioner) presented no records or proof with respect to the contested items other than his own testimony. * * *, the testimony here was so general and of such summary and conclusory character that, in our opinion, petitioner has wholly failed to carry the burden of proof, not only as to the making of the expenditures in question * * * but also as to the necessary proximate relationship between the alleged expenditures and his business.

"Petitioner appeared to us to be an experienced and sophisticated lawyer; and we do not feel that we should indulge in conjecture to fill the gaps in his proof. The expenses in question are of such nature as to afford considerable opportunity for abuse, and it is not too much to ask of a taxpayer seeking the benefit of such deductions that he offer not only reasonably satisfying proof that the expenses were in fact incurred but also that they bore a proximate relationship to the conduct of his business. Cf. Ralph E. Larrabee, 33 T.C. 838, 842; Eugene H. Walet, Jr., 31 T.C. 461, 471, affirmed 272 F.2d 694 (C.A. 5). Petitioners (sic) admission on cross-examination that some of the claimed expenses related to the cost of meals for himself and his wife, possibly in the company of others not convincingly shown to have any business connection with petitioner, was hardly reassuring. For aught we know other expenses in controversy may have been wholly personal, or their relationship to petitioner's business may have been so remote as to fail to qualify for deduction. Petitioner's general testi-

2. Although some of these not strictly entertainment expenses were treated separately from "entertainment" expenses by petitioner in his 1954 tax return, he in his 1955 and 1956 returns combined and treated them as entertainment expenses as for convenience does this Court.

mony was not convincing evidence in the circumstances of this case." (Parentheses added.)

We have carefully reviewed the record and find therefrom the Tax Court's opinion is strongly supported and amply justified as to the entertainment expenses, and as to them, since as the Tax Court found and we agree that petitioner has not met his burden of proof that the questioned expenses are ordinary and necessary business expenses of petitioner's law business, this Court's decision in Young v. C. I. R., 268 F.2d 245 (9 Cir., 1959) is dispositive as against the contentions of petitioner that they are. Likewise, petitioner has failed to sustain his burden of proof respecting the subordinate issue whether such entertainment expenses had a proximate relation to petitioner's business.

The second category, including litigation expense advances, relates to fifty cases handled in petitioner's law practice in 1956. He did establish his making of cash advances in that year in the total amount of $3,639.94 in all those fifty cases. Although thinking that these were doubtful items but taking deductions therefor in his 1956 income tax return, he intended to report as income in later years any such items for which he might subsequently be reimbursed by clients. In fact, as to thirty-two of those cases aggregating $1,982.95 in 1957 and one case involving $1,035.54 in 1958, he did receive reimbursement and says that he reported the amounts thus received as income for 1957 and 1958 respectively. Since the legality of petitioner's income tax reporting for the years '57 and '58 was not questioned before the Tax Court in the present proceeding, it properly did not consider whether petitioner is entitled in this proceeding to any adjustment in his favor regarding those years.

We think the Tax Court correctly ruled that such uncollected litigation advances as are here involved may not as to petitioner's 1956 tax return be deducted as business expenses for that year because the uncollected ones may still be recovered from clients as have already been more than half of the original fifty. Grelck Condensed Buttermilk Co., 7 B.T. A. 79; Charles E. Albright, 16 B.T.A. 1228; Henry F. Cochrane, 23 B.T.A. 202; Ralph E. Larrabee, 33 T.C. 838. Further, they are not to be deducted as bad debts of 1956 because the record does not show that any of the advances became worthless in that year, and it was not shown that the uncollected advances became business expenses of petitioner in 1956.

As to those uncollected litigation advances, therefore, petitioner as the Tax Court properly found has not sustained his burden of proof to show that such advances were either uncollectible and bad debts owing to him or business expenses of his own in 1956, and he may not in this proceeding be allowed for that year his claimed deductions for them. But that is not to say whether he may, in later income tax returns not here involved, appropriately prove as deductible any of such presently uncollected litigation advances.

As was true of the petitioner in Young, supra, the petitioner here has not shown and we do not find that, as to either petitioner's entertainment expenses or his litigation expense advances, the Tax Court's decision was plainly erroneous.

The action of the Tax Court in this case is affirmed.

CHAMBERS, Circuit Judge (concurring).

While the foregoing opinion is adequate, it does not disclose that the amounts attempted to be deducted are great. Our decision, if it stands, means that Lawyer Hearn may have to spend the next five or ten years working off the deficiency with tax-paid dollars. I have a great deal of sympathy for him in his predicament. But representing himself, he, as most lawyers do when they represent themselves, has refused to recognize the weakness of his case. He contends, as I read the record, that the entertainment items were really distasteful to him, but that entertain extravagantly he must to make an adequate living professionally

in San Francisco. But it was open to the tax court to listen to his testimony and conclude that he really enjoyed, per se, his social activities. I do not say he enjoyed them, but it was a permissible inference for a trier of fact.

Also, while the commissioner makes no point of it, there well may be a question in the next similar case (where the taxpayer has his deductions well documented) as to the legality of such large deductions at all for a lawyer for "business getting." I am sure many deduct therefor in a modest way, but I wonder about the cost of an intensive campaign to get legal business. On that, I reserve my dicta.