*Decision will be entered for the petitioner.*

WARREN BURNETT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

EMMA BURNETT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 409–63, 410–63. Filed April 7, 1964.

*Edward L. Wilson* and *Arthur C. Flinders*, for the petitioners.
Warren Burnett, pro se.
*Williard A. Herbert*, for the respondent.

BRUCE, *Judge:* Respondent determined deficiencies in the income taxes of petitioners for the taxable year 1961 as follows:

| Docket No. | Petitioner | Deficiency |
|---|---|---|
| 409–63 | Warren Burnett | $18,950.16 |
| 410–63 | Emma Burnett | 18,950.16 |

The sole issue is whether certain expenditures made by petitioner to or on behalf of his clients in 1961 which were to be repaid upon the successful resolution of their legal claims are deductible in the year made as ordinary and necessary business expenses under section 162 of the Internal Revenue Code of 1954.

## FINDINGS OF FACT

The stipulation of facts and exhibits attached thereto are incorporated herein by this reference.

Petitioners are husband and wife who reside in Odessa, Tex. For the calendar year 1961 they filed separate Federal income tax returns on the cash basis of accounting with the district director of internal revenue at Dallas, Tex. Their individual cases have been consolidated for trial. Since the expenditures in question were made by Warren Burnett, he hereinafter will be referred to as petitioner.

Petitioner is an attorney duly licensed to practice law in the State of Texas. Since 1957 petitioner has been engaged exclusively in the private practice of law, to which he devotes his principal time and effort and from which he derives his principal source of income. His private law practice has been and is now largely devoted to the handling of workmen's compensation and personal injury claims in which he represents the plaintiff, generally on some contingency basis. Cases handled by petitioner are in process on an average of from 1 to 5 years.

In the conduct of his law practice petitioner customarily makes disbursements to or on behalf of certain of his clients. These disbursements are made principally for providing his clients' living expenses. Petitioner provides these expenses with the understanding that if recovery is obtained on the respective client's claim, the amounts of the disbursements will first be repaid out of the proceeds when received, and the excess, if any, will be shared by petitioner and his client in previously agreed upon percentages. Of the approximately 2,200 persons represented by petitioner in the years 1957 through 1961, petitioner made payments to approximately 450.

The amounts of disbursements made by petitioner to or on behalf of his clients during the years of 1957 through 1961 and the amounts of these disbursements which were repaid during the years 1958 through 1961, as shown on petitioner's books and records, are approximately as follows:

| | 1957 | 1958 | 1959 | 1960 | 1961 | Total |
|---|---|---|---|---|---|---|
| Disbursements—per books and records | $10,819.85 | $22,444.03 | $38,016.02 | $91,061.46 | $169,676.20 | $332,017.56 |
| Recoveries of prior disbursements—per books and records: | | | | | | |
| 1958 | 5,687.96 | 5,107.00 | | | | 10,794.96 |
| 1959 | 3,390.19 | 8,084.95 | 9,923.75 | | | 21,398.89 |
| 1960 | 1,287.50 | 3,947.75 | 13,311.54 | 23,784.49 | | 42,331.28 |
| 1961 | | 1,475.00 | 10,263.00 | 43,979.16 | 57,206.25 | 112,923.41 |
| Total recoveries through 1961—per books and records | 10,365.65 | 18,614.70 | 33,498.29 | 67,763.65 | 57,206.25 | 187,448.54 |

The above-designated disbursements were recorded on petitioner's books as expenses when paid, and the recoveries of these disbursements were recorded as income when received. During the period 1957 through 1961, petitioner's records indicate that disbursements in the amount of $4,471.79 became worthless. Consistently since 1957, on their Federal income tax returns petitioners have claimed as a business expense deduction the excess of disbursements made in the respective taxable year over recoveries received in that year.[1]

On their Federal income tax returns for 1961, petitioners each claimed the amount of $25,208.59 as a business expense deduction for "Advances to Clients Net of Collection on Settlement." These amounts represented petitioners' respective community shares of the amount of $50,417.18, which was the excess in 1961 of petitioner's disbursements in the amount of $169,676.20 over reimbursements in the amount of $112,923.41, or $56,752.79, less other miscellaneous items of income and reimbursed expenses in the amount of $6,335.61, which were erroneously treated as recovery of disbursements to clients in arriving at the aggregate $50,417.18 deduction on petitioners' tax returns.

In his statutory notice of deficiency to each of the petitioners, respondent disallowed the deduction of $25,208.59 (one-half of $50,417.18) as a business expense "under the provisions of existing internal revenue laws," but allowed as "a loss * * * on advances to clients in connection with cases closed in the taxable year" the amount of $306.93 (one-half of $613.86). The latter adjustment is not contested.

The contested disbursements made by petitioner are not ordinary and necessary business expenses.

### OPINION

The sole issue is whether certain expenditures made by petitioner to or on behalf of his clients in 1961 which were to be repaid upon the successful resolution of their legal claims are deductible in the year made as ordinary and necessary business expenses under section 162 of the Internal Revenue Code of 1954.[2]

During the taxable year 1961, petitioner made payments to or on behalf of persons whom he represented in a legal capacity in the aggregate amount of $169,676.20. Petitioner made these payments with

---

[1] With respect to petitioners' Federal income tax returns for 1958, 1959, and 1960, respondent has made adjustments concerning petitioner's disbursements to his clients identical in principle and effect to the adjustment here in issue for 1961, and petitioners are contesting these adjustments in other pending proceedings.

[2] All section references hereinafter will refer to the Internal Revenue Code of 1954. SEC. 162. TRADE OR BUSINESS EXPENSES.

(a) IN GENERAL.—There shall be allowed as a deduction all the ordinary and necessary expenses incurred during the taxable year in carrying on any trade or business * * *

the understanding that the amounts would be repaid upon his successful prosecution of the recipient clients' causes. Petitioner testified at trial that he attempted to keep his disbursements to clients in an amount beneath the expected recovery on the clients' respective claims and that his evaluation of the strength of a client's claim affected the amount of payments made on his behalf. This testimony plus the magnitude of expenditures made by petitioner on behalf of his clients indicate that he expected to be repaid the amounts so expended. In fact, at the close of 1961 petitioner had received reimbursement for similar expenditures made in the years 1957 through 1960 in the approximate respective ratios of 96, 83, 88, and 74 percent.

In *Reginald G. Hearn*, 36 T.C. 672, affd. 309 F. 2d 431 (C.A. 9, 1962), certiorari denied 373 U.S. 909, the petitioner made cash advances in 1956 on behalf of clients with respect to 50 cases pending in his office, for which he took deductions in 1956. This court held that such advances may not be deducted as *business expenses*, and further that there was no justification on the record there presented for allowing the deduction as *bad debts*, stating:

It has been established that such advances may not be deducted as business expenses. *Henry F. Cochrane*, 23 B.T.A. 202. Nor is there any justification on this record for allowing the deduction as bad debts. Although petitioner testified that he thought these items were "doubtful," we cannot find in the context of the record before us that any of the advances in question represented debts which became worthless in 1956. * * *

The Ninth Circuit Court of Appeals affirmed, 309 F. 2d at 433, and the Supreme Court denied certiorari.

The *Hearn* case is controlling here. Accordingly, we hold that petitioners are not entitled to deduct the amount of $50,417.18, or $25,208.59, respectively, in the taxable year 1961, as ordinary and necessary business expenses under section 162. See also *Charles E. Albright*, 16 B.T.A. 1228; *Henry F. Cochrane*, 23 B.T.A. 202. Cf. *Richard M. Drachman*, 23 T.C. 558; *Glendinning, McLeish & Co.*, 24 B.T.A. 518, affd. 61 F. 2d 950 (C.A. 2).

Since petitioners do not claim that any of the disbursements in question constituted business loans but, on the contrary, because of the contingent nature of their repayment, strenuously argue that they were not loans, we make no determination whether the excess of disbursements to clients over reimbursements in 1961 are deductible as bad debts. In this connection it might be observed that the disbursements in question were primarily for living expenses of clients and therefore of a personal nature rather than for litigation expenses. In any event, respondent has allowed $613.86 ($306.93 to each petitioner) as a loss on advances to clients in connection with cases closed in 1961, and petitioners have produced no evidence to establish that they are entitled to a greater amount as bad debts.

Petitioners have failed to establish a contention made on brief that an amount of $24,562.42 allegedly erroneously reported on their returns as advances to clients in reality was expended for court costs deductible under section 162. Petitioners further have failed to establish a contention, also made on brief, that an amount of $10,292 reported as income and deducted as advances to clients actually represented clients' portions of settlements received by petitioner and paid by him to the clients' creditors. In addition to not being supported factually, these contentions appear to be contrary to the stipulation of facts submitted by the parties in connection with this action.

*Decisions will be entered for the respondent.*