**MILAN, MILLER, BERGER, BRODY AND MILLER, P.C., a Michigan Professional Corporation, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 87–CV–71214–DT.

United States District Court, E.D. Michigan, S.D.

Feb. 19, 1988.

Charles M. Lax, Southfield, Mich., for plaintiff.

David H. Dickieson, U.S. Dept. of Justice, Tax Div., Washington, D.C., Francis L. Zebot, Asst. U.S. Atty., Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

ZATKOFF, District Judge.

Plaintiff is a Michigan professional corporation engaged in the practice of law. They bring this action against the United States, alleging that the Internal Revenue Service (IRS) wrongfully determined that adjustments to Plaintiff's tax returns were required for the fiscal years ending June 30, 1978 and June 30, 1979. The IRS action resulted in an assessment against Plaintiff of an additional $92,664 in taxes and interest. Plaintiff paid the assessment, filed a claim for refund, and is properly before this Court.

The Court now entertains cross motions for summary judgment. The litigants agree that there is no genuine issue of material fact, and that this matter is ripe for a decision as a matter of law.

Summary judgment is appropriate where no genuine issue of material fact remains to be decided and the moving party is entitled to judgment as a matter of law. *Blakeman v. Mead Containers,* 779 F.2d 1146 (6th Cir.1986); Fed.R.Civ.P. 56(c). In applying this standard, the Court must view all materials offered in support of a motion for summary judgment, as well as all pleadings, depositions, answers to interrogatories, and admissions properly on file in the light most favorable to the party opposing the motion. *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *United States v. Diebold,* 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed. 2d 176 (1962); *Smith v. Hudson,* 600 F.2d 60 (6th Cir.1979), *cert. denied,* 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979). In deciding a motion for summary judgment, the Court must consider "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. ——, 106 S.Ct. at 2512.

## UNDISPUTED FACTS

The Plaintiff's practice consists essentially of personal injury lawsuits handled on a contingent fee basis. Plaintiff pays all costs of litigation incurred in suits litigated by Plaintiff. These costs include: court costs; expenses of investigation; expenses for medical examinations; and costs for obtaining and presenting evidence. The method of deducting these litigation costs from the firm's income is the fulcrum of this dispute.

Typically, Plaintiff would enter into a retainer agreement with a client. The agreement is a standard contingent fee agreement. No legal fee would be due if there is no recovery for the client. The agreement also provides for the Plaintiff to pay all litigation costs. If a judgment or settlement is achieved in favor of the client, the litigation costs would be paid to the Plaintiff out of the recovered funds. The agreement is silent on who would bear the litigation costs in the event that the litigation results in no recovery. However, Plaintiff contends that it entered an oral agreement with its clients whereby:

> "it was understood by the Plaintiff's clients that in the event that there was no recovery made on a claim, that client owed no fee for the reimbursement of any expense paid by the Plaintiff law firm."

*Plaintiff's Reply [sic] to Defendant's Motion for Summary Judgment and Supplement to Plaintiff's Brief in Support of its Motion for Summary Judgment,* p. 6.

Plaintiff is a "cash-basis" taxpayer. A cash-basis taxpayer deducts expenses in the year in which they are incurred. In the event an expense is recovered, the recovery is considered income in the year of recovery. In the instant case, Plaintiff deducted from its income all litigation costs paid in the fiscal years ending June 30, 1978 and June 30, 1979. All litigation costs recovered in the fiscal years ending June 30,

1978, and June 30, 1979, were included in income.

The IRS audited Plaintiff's tax returns for the fiscal years ending June 30, 1978 and June 30, 1979 and determined that the payment of litigation costs amounted to a loan by the law firm to the law firm's clients. Thus, the issuance of the loan and the subsequent repayment of the loan were nontaxable events. The IRS concluded that Plaintiff may deduct litigation costs only when a lawsuit has been lost or dropped, and the client fails to pay the costs. At that time, the debt becomes uncollectable and a deduction for litigation costs may be taken.

The issue before the Court is whether a Michigan law firm which computes its income using the cash-basis method may take an immediate business deduction pursuant to Section 162 of the Internal Revenue Code, for litigation costs expended in the taxable year.

### OPINION

■ Section 162 of the Internal Revenue Code of 1954, 26 U.S.C. § 162 provides, in part:

> (a) *In General*—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business....

Under Section 162, an expense is deductible if it is an ordinary and necessary expense incurred in the carrying on of a trade or business and incurred during the taxable year the deduction is sought.

Plaintiff asserts that the payment of litigation expenses are ordinary and necessary to the practice of personal injury law, and the mere possibility that they may some day be reimbursed for the expense is irrelevant to the deductibility of the expense. *See Plaintiff's Motion for Summary Judgment*, p. 12 *citing* 4 B. Bittker, *Federal Taxation of Income, Estates and Gifts*, ¶ 105.2.6 (1981).

Defendant argues that expenses which are paid for another and for which there exists a right of reimbursement should be characterized as loans and, therefore, are not ordinary and necessary business expenses within the meaning of Section 162. *Defendant's Motion for Summary Judgment*, p. 6, (citations omitted).

Plaintiff recognizes that advancements or loans are not deductible under Section 162. Plaintiff submits, however, that litigation costs should not be characterized as loans.

This issue has been addressed by other federal courts. *Boccardo v. United States*, 12 Cl.Ct. 184, 1987–1 U.S.Tax Cas. (CCH) ¶ 9288 (1987), involved facts similar to those currently before the Court. In *Boccardo*, the Plaintiff law firm practiced personal injury law in the State of California. The firm's contingent fee retainer agreement provided that the firm would pay all litigation costs. Unlike the case at bar, the written agreement expressly provided that if there is no recovery made on the client's claim, the firm would not be reimbursed for the litigation costs it paid.

The firm, which was a cash-basis taxpayer, deducted their total litigation costs in the taxable year expended. The IRS audited the firm and found the deduction to be improper under Section 162 of the IRC (1954), as amended, 26 U.S.C. § 162.

The Court of Claims relied on Rule 5–104 of the California Rules of Professional Conduct to find the payment of litigation costs to be an advancement or loan rather than an ordinary and necessary business expense.

Rule 5–104 of the California Rules of Professional Conduct provides, in pertinent part:

> (A) A member of the State Bar shall not directly or indirectly pay or agree to pay, guarantee, or represent or sanction the representation that he will pay personal or business expenses incurred by or for a client.... [However] this Rule shall not prohibit a member:

> \*　　\*　　\*　　\*　　\*　　\*

> (3) *from advancing the costs* of prosecuting or defending a claim or action

or otherwise protecting or promoting a client's interests (Emphasis added).

The Court of Claims reasoned:

[T]he Rules of Professional Conduct contemplate only the "advancing" of funds. By itself, therefore, the custom of advancing these expenses is not sufficient to result in a determination that the litigation expenditures were deductible business expenses (citations omitted).

*Boccardo* at 12 Cl.Ct. 186, 1987–1 U.S.Tax Cas. (CCH) ¶ 87, 612.

██ This Court finds the *Boccardo* reasoning persuasive. In 1978, 1979 and still today, the Michigan Bar Code of Professional Responsibility provides, in part, that:

[w]hile representing a client in connection with contemplated or pending litigation, a lawyer shall not advance or guarantee financial assistance to his client, except that *a lawyer may advance or guarantee the expenses of litigation, ... provided the client remains ultimately liable for such expenses.* (Emphasis added).

DR 5–103(B). Thus, a Michigan law firm which pays litigation costs is merely advancing the funds to the client. The client must remain ultimately liable for the expenses.

In view of the State Bar requirement this Court must find, as a matter of law, that litigation costs paid by a Michigan law firm are loans to the client and, therefore, are non-deductible under 26 U.S.C. § 162.

Plaintiff argues that the issue before the Court is not whether Plaintiff's conduct meets the ethical standards of the State Bar. Nonetheless, Plaintiff cites the Court to the American Bar Association's 1983 Revised Model Rules of Professional Conduct, Rule 1.8 which provides:

A lawyer shall not provide financial assistance to a client in connection with pending or contemplated litigation except that:

(1) a lawyer may advance court costs and expenses of litigation, *the repayment of which may be contingent on the outcome of the matter;* (emphasis added).

Plaintiff submits that, should this Court measure its retainer agreement against Rule 1.8(e) of the American Bar Association's Model Rules of Professional Conduct, the client would not necessarily remain ultimately liable for such expenses.

The Court agrees with Plaintiff that the issue before the Court is not Plaintiff's compliance with the Michigan Code of Ethics. The Court also agrees that under the ABA Model Rules, a law firm need not hold its client ultimately responsible for litigation costs. However, the issue before the Court is whether a Michigan law firm may take an immediate business deduction pursuant to Section 162, IRC (1954) for litigation costs. In 1978 and 1979 the ABA Model Rules were not controlling in Michigan. Even today, the State Bar of Michigan has not adopted the ABA Model Rules. Under the Michigan Bar's Code of Professional Responsibility, advancements of litigation costs must be borne by the client. Accordingly, the Court finds Plaintiff's argument lacking in merit. Michigan law firms must hold their clients ultimately liable for the advancement of litigation expenses. As such, payment of litigation costs by a law firm are not immediately deductible under Section 162 of the Internal Revenue Code.

For the aforementioned reasons, the Court hereby GRANTS Defendant's Motion for Summary Judgment and DENIES Plaintiff's Motion for Summary Judgment.

In so finding, the Court notes that this holding is consistent with a long line of federal case law addressing this issue. *See e.g. Boccardo v. United States, supra; Canelo v. Commissioner,* 53 T.C. 217 (1969) *aff'd* 356 F.2d 755 (5th Cir.1966) (Advances of litigation and other expenses by an attorney are not deductible if the attorney expects to be reimbursed, even if the reimbursement is contingent upon success of the case.); *see also Burnett v. Commissioner,* 42 T.C. 9 (1964), *aff'd* 356 F.2d 755 (5th Cir.1966); *Hearn v. Commissioner,* 36 T.C. 672 (1961), *aff'd* 309 F.2d 431 (9th Cir.1962); *Herrick v. Commissioner,* 63 T.C. 566 (1975); *Selverton [Silverton] v.*

**696**

*Commissioner,* 36 T.C. M (CCH) 817 (1977) *aff'd mem* 647 F.2d 172 (9th Cir.1981).

Judgment shall enter accordingly.

IT IS SO ORDERED.