Gladys T. Geiger v. Commissioner.
Geiger v. Commissioner
Docket No. 3046-65.
United States Tax Court
T.C. Memo 1969-159; 1969 Tax Ct. Memo LEXIS 138; 28 T.C.M. (CCH) 795; T.C.M. (RIA) 69159; July 31, 1969. Filed Morris Lavine, Bartlett Bldg., Los Angeles, Calif., for the petitioner. Erwin L. Stuller, for the respondent. MULRONEY Memorandum Findings of Fact and Opinion MULRONEY, Judge: Respondent determined deficiencies in petitioner's income tax for the years 1959, 1960 and 1961 in the respective amounts of $21,201.24, $42,018.61 and $29,080.25. There is a concession by respondent. The issues left for decision are (1) whether petitioner is entitled to various business expense *139 and charitable deductions in amounts in excess of those already allowed for the years in issue, and (2) whether petitioner is required to report as income certain amounts received in each year in issue from a trust and a certain amount received as a legal fee in 1960. Findings of Fact Petitioner, Gladys Towles Geiger, was a resident of Los Angeles, California, at the time the petition was filed herein. She filed her income tax returns for the years 1959, 1960 and 1961 with the district director of internal revenue, Los Angeles, California. During the years in issue, petitioner was engaged in the practice of law under the name of Gladys Root. The following are schedules for each year in issue of business expense and charitable deductions claimed, disallowed and allowed: 1959
Item
DeductionClaimed
Disallowed
Allowed
Client Costs
$39,795.80
$23,816.80
$15,979.00
Promotion & Entertainment
17,300.64
17,300.64
0.
Automobile Expense
4,971.43
357.05
4,614.38
Telephone
6,671.15
1,663.33
5,007.82
Office Expenses
7,591.02
1,053.73
6,537.29
Contributions 432.00
432.00
0.
$76,762.04
$44,623.55
$32,138.49
1960
Client Costs
$23,787.71
$12,530.93
$11,256.78
Promotion & Entertainment
10,011.33
10,011.33
0.
Automobile Expenses
2,768.24
200.55
2,567.69
Telephone
7,479.67
1,594.70
5,884.97
Office Expenses
11,496.65
76.75
11,419.90
Business Use of Residence
3,821.98
3,821.98
0.
Investigative Expenses
17,032.00
17,032.00
0.
Travel Expense
2,020.55
499.58
1,520.97
Contributions 612.00
202.00
410.00
$79,030.13
$45,969.82
$33,060.31
1961
Client Costs
$31,208.58
$23,099.25
$ 8,109.33
Promotion & Entertainment
8,286.87
8,286.87
0.
Automobile Expenses
3,886.23
294.40
3,591.83
Telephon
7,538.46
1,627.96
5,910.50
Office Expenses
7,853.94
391.33
7,462.61
Business Use of Residence
4,588.81
0
Travel Expenses
1,263.16
358.20
904.96
Christmas Expense
2,065.25
310.00
1,755.25
Gifts and Flowers
453.65
453.65
0.
Contributions 667.85
527.85
140.00
$67,812.80
$39,938.32
$27,874.48
*140 796 Medical expense deductions were disallowed for 1959 and 1960 in the amounts of $497.27 and $588.92, respectively. The issue concerning these deductions is dependent on the resolution of the other issues which will determine the adjusted gross income for each year. The following shows certain amounts received by petitioner during the years in issue which were not reported as income: Source
1959
1960
1961
Charles Henry Towles Trust
$927.23
$ 1,123.66
$1,915.07
Business Income (Briggs Fee)
0.
15,000.00
0.
Petitioner executed written consents for the taxable years 1959 and 1960 under section 6501(c) [1] which extended the period of statutory limitation for assessment for each of those years to June 30, 1965. The filing date of the petitioner's 1961 income tax return was June 18, 1962. The notice of deficiency concerned herein was mailed to petitioner on May 19, 1965 before the expiration of the time allowed for assessment of income tax. Opinion Respondent determined deficiencies in petitioner's income tax in the amounts of $21,201.24 *141 for 1959, $42,018.61 for 1960 and $29,080.25 for 1961. In arriving at these determinations, he allowed in part various business expense deductions for each year and in part charitable deductions for each of the last two years. He also included in petitioner's income for each year certain amounts received by her in each of those years which had not been reported as income. This means petitioner has the burden of proving that she is entitled to deductions in excess of that which has already been allowed and that the amounts included by respondent as income are not taxable to her for the years in issue. She must overcome the presumption of correctness which attaches to respondent's determination. Rule 32, Tax Court Rules of Practice; Welch v. Helvering, 290 U.S. 111 (1933). No checks or receipts were offered by petitioner to show that the amounts claimed as deductions were even spent, nor was any documentary evidence offered to substantiate the purpose for which such amounts were spent. All petitioner offered of any substance to support and substantiate her deductions for each year was her testimony and the testimony of her accountant. She testified in a very vague and *142 conclusory manner that all of the deductions listed in her returns for each year were accurate and correct. At no time did she match up any specific expense or amount with any specific person, place or purpose. Her testimony, for the most part, consisted of answers to questions asking her if she had expended the total amount listed under a particular category on her return as a deduction. She stated, in response, that these amounts "were exactly it" and that "it [the amount] most assuredly was" correct. She testified that she had considerable expense referring to such examples as driving to and from courthouses, prisons and the office; clothing prisoners whom she represented in criminal actions; feeding clients and witnesses during trials and using her personal residence in evenings to conduct business. Her testimony only went to some of the specific items disallowed. No evidence or testimony, for example, was offered at all in respect to the charitable deductions she took in each year. The accountant testified only in respect to the years 1960 and 1961, since he had not prepared the return for the year 1959. He stated that he made out the returns for 1960 and 1961 based on books *143 and records of petitioner and from other sources submitted to him by her. But as we already indicated, no books or records were offered in evidence to support any of the deductions taken by petitioner. His testimony adds nothing. 797 We need not go into each year as petitioner's testimony was the same for each year. This kind of unsupported, self-serving testimony does not provide a basis upon which we could allow disallowed business expenses as "ordinary and necessary" expenses under section 162 and charitable contributions as "verified" and allowable contributions under section 170. All we really have in this case is petitioner's testimony that her returns as filed were correct. This Court pointed out in Louis Halle, 7 T.C. 245 (1946), affd. 175 F. 2d 500 (C.A. 2, 1949), certiorari denied 338 U.S. 949 (1950), that we "can not disturb the Commissioner's determination of deficiencies merely upon testimony by the petitioner that his returns as filed were correct. To do so would mean that the Commissioner's adjustments would not be presumptively correct where the taxpayer swore to the correctness of his return." Petitioner's testimony *144 in respect to each year was so general and of such summary nature that we conclude for all three years in issue she has failed to sustain her burden of proof. She has not shown she is entitled to more than has already been allowed. Reginald G. Hearn, 36 T.C. 672 (1961), affd. 309 F. 2d 431 (C.A. 9, 1962), certiorari denied 373 U.S. 909 (1963). Respondent determined that petitioner received certain amounts in each year in issue from the Charles Henry Towles Trust and that it is includable in her income in each respective year. Petitioner offered no testimony or evidence in respect to this trust income. Her counsel simply stated at trial that the petitioner was charged with half of the income which she gave to her sister. We hold petitioner has failed to prove that this income is not taxable to her in the year in which she received it. Respondent also included a $15,000 legal fee in petitioner's income for 1960 which she admits she received that year. Petitioner does not deny it was not reported and no reasonable explanation was given as to why it was not reported in 1960. We hold the fee is includable in petitioner's income for the year 1960. *145 The question concerning the medical expense deductions for 1959 and 1960 is resolved by our resolution of the other issues. Because of the medical expense deductions and a concession by respondent, Decision will be entered under Rule 50. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted.↩