T.C. Summary Opinion 2003-97

UNITED STATES TAX COURT

THOMAS JAMES ALLEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11105-01S.            Filed July 23, 2003.

Thomas James Allen, pro se.

<u>Edwina Jones</u>, for respondent.

DINAN, <u>Special Trial Judge</u>:  This case was heard pursuant
to the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.  Unless otherwise indicated,
subsequent section references are to the Internal Revenue Code in
effect for the year in issue.  All Rule references are to the Tax
Court Rules of Practice and Procedure.

Respondent determined deficiencies in petitioner's Federal income taxes for the years 1998 and 1999 in the amounts of $2,409 and $3,617, respectively. All issues regarding the year 1999 raised in the statutory notice of deficiency mailed to petitioner on September 5, 2001, have been conceded by petitioner, and we need address only the issues pertaining to the year 1998.

For the year 1998, we are asked to decide: (1) Whether petitioner is entitled to claimed job expenses and other miscellaneous itemized deductions in excess of the $1,105 amount allowed by respondent, and (2) whether petitioner is entitled to Schedule C business expense deductions in the amount of $12,747 as claimed on his return, or in the amount of $2,459, as allowed by respondent in the notice of deficiency.

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. Petitioner resided in Charlotte, North Carolina, on the date the petition was filed in this case.

On Schedule A, Itemized Deductions, of his 1998 return, petitioner claimed job expenses and other miscellaneous deductions in the amount of $5,915, subject to the 2-percent floor on miscellaneous itemized deductions in the amount of $510. Upon auditing petitioner's return, respondent disallowed the amount claimed. Respondent also determined, however, that

petitioner was entitled to a job-related education miscellaneous itemized deduction in the amount of $1,105, subject to the 2-percent floor on miscellaneous itemized deductions.

On Schedule C, Profit or Loss From Business, petitioner claimed business expense deductions in the amount of $12,747 resulting in a loss claimed on Schedule C in the amount of $9,372. Respondent disallowed the claimed deductions in the amount of $12,747. Respondent also determined, however, that petitioner was entitled to deduct business expenses as follows:

| | |
|---|---:|
| Entertainment, gift, etc. | $ 193 |
| Auto expenses | 1,950 |
| Travel, etc. | 316 |
| | $2,459 |

## Discussion

Taxpayers generally bear the burden of proving that the Commissioner's determination is incorrect. Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111 (1933). Pursuant to section 7491(a)(1), however, the burden of proof shifts to the Commissioner if, among other requirements, the taxpayer introduces "credible evidence with respect to any factual issue relevant to ascertaining" his tax liability. The burden of proof in this case does not shift to respondent because petitioner has not complied with the requirements of section 7491(a)(1).

A taxpayer generally must keep records to substantiate the amounts of items reported on his Federal income tax return. Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs. In the event that

a taxpayer establishes that a deductible expense has been paid but is unable to substantiate the precise amount, we generally may estimate the amount of the deductible expense, bearing heavily against the taxpayer whose inexactitude in substantiating the amount of the expense is of his own making. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). We cannot estimate a deductible expense, however, unless the taxpayer presents evidence sufficient to provide some basis upon which an estimate may be made. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985). Furthermore, section 274(d) supersedes the Cohan doctrine and prohibits estimating certain expenses. Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. 412 F.2d 201 (2d Cir. 1969). That section provides that unless the taxpayer complies with certain strict substantiation rules, no deduction is allowable (1) for travel expenses, (2) for entertainment expenses, (3) for expenses for gifts, or (4) with respect to listed property. Listed property includes passenger automobiles and other property used as a means of transportation, computers, and cell phones or other similar telecommunications equipment. Sec. 280F(d)(4). To meet the strict substantiation requirements, the taxpayer must substantiate the amount, time, place, and business purpose of the expenses. Sec. 274(d); sec. 1.274-5T, Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

Schedule A Itemized Deductions

Petitioner claimed the following Itemized deductions:

| | |
|---|---:|
| Form 2106 vehicle expenses | $4,007 |
| Tax preparation fees | 156 |
| Tax prep. & tax pubs. | 100 |
| Cont. educ. books | 500 |
| Uniform/shoes | 1,152 |
| | 5,915 |

At trial, petitioner had no memory of the expenses he deducted for the purchases of continuing education books, uniforms, and shoes. He also testified that he prepared and electronically filed his own 1998 return. No evidence was submitted to substantiate expenses deducted for tax preparation fees and tax publications. Finally, petitioner admitted that all employee business expenses incurred by him during his employment with Polygram Manufacturing & Distribution Centers were reimbursed. He would not, therefore, be entitled to claim a miscellaneous employee business expense deduction for automobile expenses on Schedule A. We sustain respondent's disallowance of the $5,915 claimed as miscellaneous itemized deductions on Schedule A of his 1998 return.[1]

Schedule C Business Expenses

During the examination of petitioner's 1998 return, and in particular with regard to Schedule C, respondent allowed petitioner the following business expenses:

---

[1] As discussed infra, respondent did allow petitioner to deduct automobile expenses on Schedule C of his 1998 return.

| Entertainment, gifts | $   193 |
| Automobile expenses | 1,950 |
| Travel | 316 |
| | 2,459 |

None of these expenses were deducted by petitioner on Schedule C of his return.

Respondent reviewed the Form 2106, Employee Business Expenses, attached to petitioner's 1998 return to support the $4,007 automobile deduction claimed on Schedule A. On that form, petitioner reported 4,138 miles driven at $.325 per mile for an amount of $1,345. Petitioner also reported actual automobile expenses of $2,662 for a total of $4,007. For reasons not appearing in the record, respondent determined that petitioner was entitled to an automobile expense deduction of $1,950, based upon 6,000 miles traveled at the standard mileage rate of $.325 per mile for 1998.

Petitioner claimed an advertising expense deduction of $450 on his 1998 Schedule C. Petitioner informs us that he made signs that he placed in the windows of various stores to advertise goods that he held for sale. He submitted no evidence either that he spent $450 to produce the signs or that he paid $450 to display them in the various store windows. Respondent is sustained on this issue.

Petitioner claimed a $403 depreciation expense deduction on his 1998 Schedule C. He admitted at trial that he was not

entitled to the claimed $403 deduction because that amount pertained to the automobile for which he was allowed an automobile expense deduction in the amount of $1,950, based upon 6,000 miles of business travel. Respondent is sustained on this issue.

Petitioner claimed a $1,300 legal and professional services expense deduction on his 1998 Schedule C. He explained that he paid that to a friend of a friend to draw up a business plan that would lead to the incorporation of an unexplained business that petitioner intended to pursue. There is no evidence in the record that petitioner had an incorporated business during the years in issue. Testimony may be sufficient as proof but in an instance such as here, where the testimony is conclusory and subject to doubt, it falls short of overcoming respondent's presumption of correctness. Hearn v. Commissioner, 36 T.C. 672 (1961), affd. 309 F.2d 431 (9th Cir. 1962). We sustain respondent on this issue.

Petitioner claimed a vehicle rent or lease deduction on his 1998 Schedule C. He stated that he rented vans to transport various items to his home from Chicago and Commerce, Georgia, to sell. Again, we are left with petitioner's uncorroborated self-serving testimony to substantiate the claimed deduction, which this Court need not accept. Sacks v. Commissioner, T.C. Memo. 1994-217, affd. 82 F.3d 918 (9th Cir. 1996); Niedringhaus v.

Commissioner, 99 T.C. 202, 212 (1992); Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). We sustain respondent on this issue.

Petitioner claimed a $500 repairs and maintenance expense deduction on his 1998 Schedule C. He admitted at trial that he was not entitled to the claimed deduction. It pertained to maintenance expenses paid to repair the automobile for which he was allowed a standard mileage expense. Respondent is sustained on this issue.

Petitioner claimed deductions of $175 and $150 for supplies and licenses, respectively, on his 1998 Schedule C. No evidence was submitted to substantiate these claimed deductions. Respondent is sustained on this issue. See Niedringhaus v. Commissioner, supra.

In Part V of his 1998 return, petitioner deducted "Other Expenses" as follows:

| | |
|---|---|
| Education | $3,500 |
| Telephone | 1,750 |
| Cellular phones 2 | 2,000 |
| Pagers 2 | 144 |
| Laptop computer | 2,150 |
| | 9,544 |

As noted, supra, respondent determined in the notice of deficiency that petitioner was entitled to a job-related education miscellaneous itemized deduction in the amount of $1,105 subject to the 2-percent floor on miscellaneous deductions. Petitioner has not substantiated that he is entitled to any education expense deduction in excess of the amount

determined by respondent, nor has he shown that the education expense allowed should be a Schedule C deduction, rather than a Schedule A itemized deduction. Respondent is sustained on this issue.

Even had petitioner established that he spent the amounts claimed, supra, for a telephone, two cellular phones, two pagers, and a laptop computer, petitioner would not be entitled to deduct the amounts expended for those items on Schedule C of his 1998 return.[2]

Section 179 permits taxpayers (other than estates, trusts and certain noncorporate lessors) to elect to deduct the cost of qualifying depreciable property in the year in which the property is placed in service rather than to recover the cost through depreciation.

A section 179 election to expense the cost of qualifying property must be made on either (1) the taxpayer's first return for the tax year in which the property is placed in service or (2) an amended return that is filed prior to the due date (including extensions) for filing the return. Sec. 1.179-5(a), Income Tax Regs. The election is made on Form 4562, Depreciation and Amortization. Petitioner did not elect to expense the above-

---

[2] We need not and do not decide whether the above-mentioned property constitutes qualifying depreciable property.

mentioned property on his 1998 return.  Respondent is sustained on this issue.

At trial, petitioner raised a new issue, arguing that he is entitled to a business expense deduction on his 1998 return for amounts he paid to Morningstar Storage to "store everything".  Petitioner submitted no documents to substantiate the claimed business expense deduction.  His testimony was vague and unpersuasive:

> The Court:    That storage business still in existence?
>
> The Witness:  Yes, sir.
>
> The Court:    Did you ever go to anyone and ask them for a receipt?
>
> The Witness:  Yes.
>
> The Court:    What did they tell you?
>
> The Witness:  They said they couldn't pull any records back from that far.  They're still in business, Morningstar Storage on Sharon--
>
> The Court:    This 1998, and they couldn't pull any records back from 1998?
>
> The Witness:  That's what the manager on site said. They have an in-house guy right there.

Petitioner has submitted no credible evidence that he is entitled to a business expense deduction for storage rental space in 1998, and we do not further consider the issue.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered

for respondent.